IN THE UNITED SATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EMILIO LIRA,** | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-00007 |
| | § | |
| **EDWARD JONES INVESTMENTS** | § | |
| **A/K/A EDWARD D. JONES & CO.** | § | |
| **L.P.,** | § | |
|   Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes EMILIO LIRA, hereinafter referred to as Plaintiff, complaining of and about EDWARD JONES INVESTMENTS A/K/A EDWARD D. JONES & CO. L.P., hereinafter referred to as Defendant. For cause of action, Plaintiff would respectfully show unto the Court the following:

## I.
## PARTIES AND SERVICE

Plaintiff is a citizen of the United States and the State of Texas and resides in San Antonio, Bexar County, Texas.

Defendant EDWARD JONES is an insurance/securities/investment company based in St. Louis, Missouri that does business in San Antonio and other areas of Texas affected by its misconduct. Plaintiff will seek from Defendant a Waiver of Service of Summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

1

## II.

## JURISDICTION AND VENUE

This court has jurisdiction as the claims arise under a federal statute, 42 USC 2000e-3(a), and Title VII of the Civil Rights Act of 1964, as amended, and has supplemental jurisdiction as to any related state claims and venue is proper in this District as the claims asserted in this claim arise in this District.

## III.
## MISNOMER / MISIDENTIFICATION

In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a misidentification, Amisnomer and/or such parties are/were alter egos of parties named herein.  Alternatively, Plaintiff contends that such corporate veils should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

**Introduction**

1. Plaintiff Emilio Lira is a Hispanic/ Latino Financial Advisor ("LIRA") who had worked for Edward D. Jones & Co., L.P. ("Edward Jones" or "the Firm") since October 2005. During his employment at Edward Jones, Lira has discharged his duties diligently and competently and enjoyed an excellent reputation in regard to the high quality of his work.

2. On or about November 13, 2014 Plaintiff made an internal complaint of discrimination with Defendant alleging that he had been discriminated against by not being considered for assignment to the Uvalde Field office of Edward Jones on the basis of race and ethnicity.

3. On or about February 8, 2016, Plaintiff filed with the Unites States Equal Employment Opportunities Commission a Complaint of discrimination alleging that Defendant had committed various of act of unlawful employment discrimination against him.

4. On or about October 14, 2016, Plaintiff filed a civil action against Defendant alleging multiple acts of unlawful employment discrimination against Defendant.

5. During the course of the lawsuit, Plaintiff gave a deposition under oath wherein he specified various details of the complaint.

6. Defendant filed a motion for summary judgment seeking to have the Court dismiss the lawsuit on technical reasons. Plaintiff resisted the motion for summary judgment, but the Court granted the motion on March 12, 2019.

7. On March 25, 2019 a judgment for costs was assessed against Plaintiff and in favor of Defendant.

8. On May 13, 2019 Defendant terminated Plaintiff's employment with Defendant giving as a basis for the termination the claim that Plaintiff had refused to report the judgment for costs to FINRA and had engaged in "unprofessional conduct" without specifying the acts constituting the "unprofessional conduct".

9. All of the steps and action taken by Plaintiff as described in paragraphs 2 through 6 above constituted protected activities under 42 USC § 2000e-3(4).

10. The reasons articulated by Defendant for terminating Plaintiff's employment were actually pretexts created to hide the true reason. The actual reason for Plaintiff's termination was to retaliate against Plaintiff for making and filing the internal charge of discrimination, filing the charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights

Division; for filing a civil lawsuit against Defendant alleging various acts of unlawful employment discrimination, for participating and prosecuting the lawsuit, and resisting Defendant's efforts to dismiss the lawsuit.

## V.
## PLAINTIFF HAS SUFFERED DAMAGES

As a result of Edward Jones's unlawful conduct, Lira has suffered substantial damages, including lost wages and other benefits. Lira has also suffered emotional distress, and his career has been irreparably damaged as a result of Respondent's unlawful conduct. Lira has suffered pecuniary and non-pecuniary losses as a direct result of Defendant's conduct as well as incurring attorneys' fees and costs. Punitive damages are appropriate due to Defendant's intentional conduct and continued discrimination and retaliation.

## VI.
## RELIATIATION UNDER 42 USC § 2000e-3(a)

1. The evidence will demonstrate:

    a. Plaintiffs suffered retaliation by Defendant for having engaged in activities expressly protected by 42 USC § 2000e-3(a);

    b. The retaliation endured was subjectively and objectively hostile;

    c. There is a causal connection between Plaintiff's engagement in a statutorily protected activity and the Defendant's adverse employment action against him.

## VII.
## RESPONDEAT SUPERIOR

2. Employees involved in the retaliation described herein were at all times employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of

4

Respondeat Superior.

## VIII.
## DAMAGES

1. Plaintiffs alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

    a. Lost wages, past and future;

    b. Mental anguish, and emotional distress suffered in the past;

    c. Mental anguish, and emotional distress which, in all reasonable probability, will be suffered in the future;

    d. Compensatory and punitive damages in the maximum amount allowed by law; and

    e. Reasonable attorney fees, expert fees and costs.

2. Based upon the above enumerated damages, Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

## XI.
## ADMINISTRATIVE FILINGS

1. Plaintiff has previously filed an EEOC Charge.

2. Plaintiff dually filed his current original verified complaint, with the EEOC and the Texas Workforce Commission Civil Rights Division, alleging that the Defendant had committed unlawful employment practices and retaliation against Plaintiff. Thereafter, Plaintiff received a "Notice of Suit Rights," giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt.

## IX.
## ATTORNEY FEES

b. Defendant's conduct as described in this petition and the resulting damage and loss to

Plaintiffs has necessitated Plaintiffs' retaining counsel.    Therefore, Plaintiffs seeks all reasonable and necessary attorney fees in this case which would include at least the following:

    a. Preparation and trial of the claim, in an amount the jury deems reasonable;

    b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c. An appeal to the Court of Appeals, in an amount the jury deems reasonable;

    d. Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and

    e. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## X.
## JURY DEMAND

c.     Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a Judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both post and prejudgment interest as allowed by law, attorney's fees and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully submitted,**

**HUMBERTO G. GARCIA, PLLC**
6243 IH-10 West, Suite 955
San Antonio, Texas 78201
(210) 225-0909 (Telephone)
(210 960-4604 (Facsimile)
hgarlaw@outlook.com

By: */s/Humberto G. García*
    HUMBERTO GARCIA
    Texas State Bar No. 07636620

**ATTORNEYS FOR PLAINTIFFS**