**IN THE UNITED SATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **EMILIO LIRA,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | §**CIVIL ACTION NO. 5:20-cv-00007-JKP-ESC** |
| | § |
| **EDWARD JONES INVESTMENTS** | § |
| **A/K/A EDWARD D. JONES & CO.** | § |
| **L.P.,** | § |
| **Defendant.** | § |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes EMILIO LIRA, hereinafter referred to as Plaintiff, files this, his First Amended Original Complaint pursuant to Federal Rules of Civil Procedure 15(a)(1)(B) as it is being filed within 21 days of the filing of a motion under Rule 12(b) by Defendant. Plaintiff is complaining of and about EDWARD JONES INVESTMENTS A/K/A EDWARD D. JONES & CO. L.P., hereinafter referred to as Defendant.   For cause of action, Plaintiff would respectfully show unto the Court the following:

### I.
### PARTIES AND SERVICE

1. Plaintiff is a citizen of the United States and the State of Texas and resides in San Antonio, Bexar County, Texas.

2. Defendant EDWARD JONES is an insurance/securities/investment company based in St. Louis, Missouri that does business in San Antonio and other areas of Texas affected by its

1

misconduct. Plaintiff has secured from Defendant a Waiver of Service of Summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

This court has jurisdiction as the claims arise under a federal statute, 42 USC 2000e-3(a), and Title VII of the Civil Rights Act of 1964, as amended, and has supplemental jurisdiction as to any related state claims and venue is proper in this District as the claims asserted in this claim arise in this District.

## III.
## MISNOMER / MISIDENTIFICATION

In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a misidentification, Amisnomer and/or such parties are/were alter egos of parties named herein.   Alternatively, Plaintiff contends that such corporate veils should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

1.      Plaintiff Emilio Lira is a Hispanic/ Latino Financial Advisor ("LIRA") who had worked for Edward D. Jones & Co., L.P. ("Edward Jones" or "the Firm") since October 2005. During his employment at Edward Jones, Lira has discharged his duties diligently and  competently and enjoyed an excellent reputation in regard to the high quality of his work.

2.      On or about November 13, 2014 Plaintiff made an internal complaint of discrimination with Defendant alleging that he had been discriminated against by not being considered for assignment to the Uvalde Field office of Edward Jones on the basis of race and ethnicity. The complaint followed Plaintiff's learning that Defendant filled the vacancies created

in the financial advisor positions, especially those in lucrative offices, that is, those with substantial assets being managed were being filled with only white financial advisors to the exclusion of nonwhite financial advisors. Plaintiff became aware that most, if not all, of the open positions were never advertised either within or without the company prior to being filled. Most often, the vacancies were given to relatives or close friends of the financial advisor who was leaving, with many of the replacements not having any experience and sometimes did not have a license to begin with. As most of the financial advisors leaving where white, their replacements were also, almost exclusively, white. Since the positions were not advertised, financial advisors like Plaintiff were not given an opportunity to apply for or ask to be considered. The effect of Defendant's policy and manner in filling these positions was to exclude nonwhite financial advisors, such as Plaintiff

3.      On or about February 8, 2016, Plaintiff filed with the Unites States Equal Employment Opportunities Commission (EEOC) a Complaint of discrimination alleging that Defendant had committed various of act of unlawful employment discrimination against him.

4.      On or about October 14, 2016, Plaintiff filed a civil action under Title VII of the Civil Rights Act of 1964 against Defendant alleging multiple acts of unlawful employment discrimination against Defendant.

5.      During the course of the lawsuit, Plaintiff gave a deposition under oath wherein he specified various details of the complaint.

6.      Defendant filed a motion for summary judgment seeking to have the Court dismiss the lawsuit on technical reasons. Plaintiff resisted the motion for summary judgment by filing his Response on January 9, 2019, but the Court granted the motion on March 12, 2019.

7.      On March 25, 2019 a judgment for costs was assessed against Plaintiff and in favor

of Defendant.

8.     On May 13, 2019 Defendant terminated Plaintiff's employment with Defendant.

9.     In an effort to justify its termination of Plaintiff, Defendant articulated two reasons. The first reason was a claim by Defendant that Plaintiff had refused to report the judgment for costs entered in the discrimination suit against Defendant to FINRA.

10.    The second reason was the claim that Plaintiff had engaged in "unprofessional conduct" but did not specify the acts constituting the "unprofessional conduct".

11.    The reasons articulated by Defendant in an attempt to justify the termination were illegitimate, unreasonable, retaliatory and tainted with animus toward Plaintiff. The first reason was not legitimate as it was contrary to Defendant's own written policy that convictions for crimes, judgments and the like are to be reported but the failure to report "rarely… lead to termination of employment". The judgment Defendant cited in its articulation of reasons was the judgment for costs the court awarded to Defendant in the suit for discrimination cited above. Moreover, Plaintiff never refused to report the judgment for costs as Defendant claimed. Plaintiff inadvertently did not report it as Plaintiff had paid the judgment, thus reimbursing Defendant for the taxable costs awarded by the court. Furthermore, on numerous other occasions, other financial advisers within the Defendant's employment did not timely report matters required to be reported to FINRA and they did not get terminated.

12.    The second reason articulated by Defendant in an attempt to justify the termination was invalid as it was a subjective conclusion void of any specifics and therefore lacking in any rational basis. Defendant claimed that Plaintiff "acted unprofessionally" without specifying what acts constituted "unprofessional conduct". This reason was further invalid as it was tainted by

4

Defendant's animus toward Plaintiff which had been developed over the years beginning in 2014 when Plaintiff began complaining of Defendant's practice of filling its vacant financial advisor positions in a patently discriminatory manner. Over these years, several of Defendant's employees and representatives voiced their displeasure with Plaintiff and his complaints of discrimination concerning the many vacancies of lucrative positions that were filled with white financial advisors without giving due consideration to nonwhite advisors already employed by Defendant. Plaintiff's repeated voicing and questioning of Defendant's pattern of discrimination against Mexican American financial advisors in the filling of vacant positions was viewed unfavorably by Defendant and its employees expressed these views in a false and demeaning manner as demonstrated by the numerous emails to each other which were produced in the discrimination case and no doubt will be seen in this civil action.

13.     Moreover, prior to being terminated, Plaintiff was diligently discharging his duties as a financial advisor and served his clients well. During the years Plaintiff was battling Defendant in the discrimination case, Plaintiff was generating significant revenue for Defendant. The work being done by Plaintiff for Defendant and the revenue received through his efforts was generating significant profits for Defendant. In fact, Plaintiff's record as a financial advisor for Defendant did not justify his termination as evident by the fact that Defendant did not cite any poor performance as a basis for his termination.

14.     Defendant's action in terminating Plaintiff occurred four months after the last protected activity, i.e., filing a response in opposition to Defendant's Motion for Summary Judgment, and less than two months following the entry of the judgment of dismissal of Plaintiff's discrimination suit and the granting to Defendant of a judgment for costs. The termination came

after 31 days following the date the judgment in the discrimination case became final. This gives

the indication that Defendant was simply waiting for the lawsuit to be terminated to take action

against Plaintiff's employment and then jumping on the most minor of incidents to do so.

15.     All of the steps and action taken by Plaintiff as described in paragraphs 2 through 6

above constituted protected activities under 42 USC § 2000e-3(4).

16.     The reasons articulated by Defendant for terminating Plaintiff's employment were

actually pretexts, and poor ones at that, created to hide the true reason. The actual reason for

Plaintiff's termination was to retaliate against Plaintiff for making and filing the internal charge of

discrimination, filing the charge of discrimination with the EEOC and the Texas Workforce

Commission Civil Rights Division; for filing a civil lawsuit against Defendant alleging various acts

of unlawful employment discrimination, for participating and prosecuting the lawsuit, and resisting

Defendant's efforts to dismiss the lawsuit. Over the course of these proceedings, Defendant

developed such a great animus toward Plaintiff because Plaintiff had attempted to expose the

unlawful practices of Defendant in filling vacant financial advisor positions with white family

members or friends, many unqualified to get the positions, and eliminating nonwhites from

consideration for these lucrative financial advisor positions.

**V.**
**PLAINTIFF HAS SUFFERED DAMAGES**

As a result of Edward Jones's unlawful conduct, Lira has suffered substantial  damages,

including lost wages and other benefits. Plaintiff has also suffered emotional  distress, and his

career has been irreparably damaged as a result of Respondent's unlawful  conduct. Plaintiff has

suffered pecuniary and non-pecuniary losses as a direct result of  Defendant's conduct as well as

incurring attorneys' fees and costs.   Punitive damages are   appropriate due to Defendant's

intentional conduct and continued discrimination and retaliation.

## VI.
## RELIATIATION UNDER 42 USC § 2000e-3(a)

1.      The evidence will demonstrate:

   a.  Plaintiffs suffered retaliation by Defendant for having engaged in activities expressly protected by 42 USC § 2000e-3(a);

   b.  The retaliation endured was subjectively and objectively hostile;

   c.  There is a causal connection between Plaintiff's engagement in a statutorily protected activity and the Defendant's adverse employment action against him. Specifically, there was a "very close" temporal relationship between the protected activities Plaintiff engaged in as described and above the adverse employment action taken against him by Defendant. The temporal proximity between such events, coupled with the illegitimate and subjective pretextual reasons cited by Defendant to terminate Plaintiff despite his satisfactory job performance establish a causal connection between the protected activities and the adverse employment action. Had Plaintiff not engaged in such protected activities, he would not have been terminated by Defendant.

## VII.
## RESPONDEAT SUPERIOR

Employees involved in the retaliation described herein were at all times employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment.   Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## VIII.
## <u>DAMAGES</u>

Plaintiffs alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

a.  Lost wages, past and future;

b.  Mental anguish, and emotional distress suffered in the past;

c.  Mental anguish, and emotional distress which, in all reasonable probability, will be suffered in the future;

d.  Compensatory and punitive damages in the maximum amount allowed by law; and

e.  Reasonable attorney fees, expert fees and costs.

Based upon the above enumerated damages, Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

## IX.
## <u>ADMINISTRATIVE FILINGS</u>

Plaintiff has previously filed an EEOC Charge.

Plaintiff dually filed his current original verified complaint, with the EEOC and the Texas Workforce Commission Civil Rights Division, alleging that the Defendant had committed unlawful employment practices and retaliation against Plaintiff. Thereafter, Plaintiff received a "Notice of Suit Rights," giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt.

## X.
## <u>ATTORNEY FEES</u>

Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiffs has necessitated Plaintiffs' retaining counsel.   Therefore, Plaintiffs seeks all reasonable

8

and necessary attorney fees in this case which would include at least the following:

    a.  Preparation and trial of the claim, in an amount the jury deems reasonable;

    b.  Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c.  An appeal to the Court of Appeals, in an amount the jury deems reasonable;

    d.  Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and

    e.  Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.
## JURY DEMAND

Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a Judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both post and prejudgment interest as allowed by law, attorney's fees and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**HUMBERTO G. GARCIA, PLLC**
6243 IH-10 West, Suite 955
San Antonio, Texas 78201
(210) 225-0909 (Telephone)
(210 960-4604 (Facsimile)
hgarlaw@outlook.com


By: */s/Humberto G. Garcia*
HUMBERTO G. GARCIA
Texas State Bar No. 07636620

**ATTORNEYS FOR PLAINTIFFS**



## CERTIFICATE OF SERVICE

This shall serve to certify that a true and correct copy of the foregoing pleading has been

served upon the following via email/facsimile on this 26th day of May 2020:

James F. Barrett
Michelle Nasser
DOWD BENNETT, LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
314-889-7300 Telephone
314-863-2111 Facsimile

Shannon B. Schmoyer
SCHMOYER REINHARD, LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
210-447-8033 Telephone
210-447-8036 Facsimile

Attorneys for Defendant

*/s/ Humberto G. Garcia*
HUMBERTO G. GARCIA

10